*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-380

SEPTEMBER TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Thomas King | } | DOCKET NO. 627-7-11 Bncr |

Trial Judges: Cortland T. Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals his conviction for lewd and lascivious conduct. On appeal, he argues that the State's attempts to introduce certain evidence at trial impermissibly bolstered the complainant's credibility and warranted a mistrial. We affirm.

Defendant was charged with lewd and lascivious conduct following an incident at a public laundry facility. The complainant, who was fifteen at the time of the incident, described the incident as follows at trial. She explained that she was working at a summer camp, and had gone with other staff and campers to do laundry and work on the computer. While there, she saw defendant staring at her. She updated her Facebook status to: "At the Laundromat. Some creeper keeps staring at me. I'm kinda scared." The complainant tried to ignore defendant, but she then saw him "pet himself" while staring at her. The complainant stated that she was unsure of what to do because she did not want defendant to move closer to the younger campers in the room. Defendant proceeded to put his hands into his pants and masturbate while watching the complainant. The complainant ignored him, and typed on her computer what was happening. She then saw defendant pull his pant leg aside and expose his erect penis. The complainant showed her written description of what happened to a friend. They notified a camp counselor, who in turn told the store clerk. The complainant's written account was admitted at trial.

Prior to trial, the State noticed its intent to offer prior bad act evidence to demonstrate defendant's pattern of engaging in sex offenses, his motive, and his intent, and for purposes of impeachment. Defendant moved to exclude the evidence. Following a hearing, the court ruled that the evidence could be admissible at trial for impeachment or to show identity or lack of mistake depending on the evidence offered and whether defendant testified.

The case proceeded to trial. At trial, the State attempted to introduce evidence regarding the complainant's reaction to defendant's alleged conduct. In opening statements, the prosecutor began recounting how the complainant was fearful after the incident and how her behavior changed. Defendant objected that the evidence was irrelevant and prejudicial. The trial court sustained the objection, but explained the State could try to get the evidence in during trial. During the complainant's testimony, the prosecutor inquired about how the incident made the

complainant feel, and defendant objected and the court sustained the objection. During cross-examination, defense counsel attempted to show that complainant treated the incident lightly and thought it was funny. On redirect, the prosecutor asked the complainant if she was scared at the time of the incident and if she continued to be scared afterwards. Defendant objected and moved for a mistrial. The court ruled that how complainant felt at the time was relevant, but her feelings afterwards were not. The court, however, denied the motion for mistrial, concluding that there was no basis since the court had specifically stated in its prior rulings that cross-examination may open the door to questions about the complainant's feelings.

The State also presented testimony from the complainant's camp counselor, the Laundromat clerk, and the investigating officer. During the testimony, the State asked questions about the witnesses' observations of the complainant's demeanor after the incident and the complainant's reputation for truthfulness. Defendant objected, and the court sustained those objections. At the close of the state's case, defendant moved for acquittal and renewed his motion for mistrial. The motions were denied. During closing arguments, the prosecutor told the jury that in determining the complainant's truthfulness it should consider that the camp counselor believed the complainant. Defendant objected. The court sustained the objection, ruling that it was not relevant whether the counselor believed the complainant, and gave the jury a curative instruction that "the only thing that matters concerning credibility is what testimony you find to be credible or to be believable, not what somebody else finds to be credible or believable." Defendant again renewed his motion for a mistrial, and it was denied.

On appeal, defendant argues that the court erred in denying his motion for a mistrial because the prosecutor's repeated attempts to introduce evidence about inadmissible matters bolstered the credibility of the complainant. The State argues that the evidence was admissible and any improper statements were harmless in light of the evidence.[*]

"[M]otions for mistrial are committed to the sound discretion of the trial court and should not be granted unless the moving party demonstrates prejudice." State v. Roberts, 154 Vt. 59, 73 (1990). Prejudice is determined by examining the facts and circumstances of the particular case. State v. Gemler, 2004 VT 3, ¶ 16, 176 Vt. 257. On appeal, this Court will uphold the court's ruling "unless the court's discretion was either totally withheld or exercised on grounds clearly untenable or unreasonable." Roberts, 154 Vt. at 73.

The questions and statements to which defendant objected are chronicled above. The majority of the statements involve instances where the prosecutor either stated the complainant was fearful after the incident or attempted to ask a witness about the complainant's reaction or demeanor after the incident. The court sustained all of defendant's objections to this line of questioning so no testimony was actually given on this point. There was also an instance where the prosecutor attempted to question a witness about the complainant's reputation for truthfulness. Again, the objection was made before any answer was given. Finally, there was the prosecutor's statement during closing that the camp counselor believed the complainant's testimony. In response, the court gave a curative instruction.

In view of the totality of the entire proceeding, the trial court acted within its discretion in determining that these questions and statements did not require a mistrial because no prejudice resulted. As to the questions regarding the complainant's reaction to defendant's actions, these

---

[*] We need not reach the question of whether evidence concerning the complainant's behavior after the incident was admissible because even assuming that it was inadmissible there was no error in denying the motion for a mistrial.

questions did not result in prejudice because, while the court sustained defendant's objections to admission of evidence concerning the complainant's demeanor after the incident, the court allowed evidence about the complainant's reaction at the time of the incident. Thus, the jury had the complainant's statement that she was "scared" and "freaked out" at the time, and heard her testimony that defendant's behavior "really scared" her, and the testimony of other witnesses that the complainant was "scared," "frantic" and "very upset" immediately after the incident. Any implication from the questioning that she continued to be upset after the incident, even if it was error, was harmless in light of the admitted testimony about complainant's reaction at the time. The question about the complainant's truthfulness was isolated, and the objection was sustained before any testimony was given. Finally, the prosecutor's statement during closing was immediately followed by a curative instruction from the court. See State v. Mears, 170 Vt. 336, 346 (2000) (explaining that court's curative instruction was sufficient to cure any potential prejudice). Under these circumstances, the court did not err in denying the motion for mistrial.

Affirmed.

BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice